IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL ALBEE, individually and derivatively on behalf of Aromatic Fusion, Inc. | : : : | CIVIL ACTION |
| v. | : : | NO. 21-3984 |
| ERIC ALBEE and WHITE BEAR TRADING COMPANY and AROMATIC FUSION, INC. | : : | |
| AROMATIC FUSION, INC. and ERIC ALBEE | : : | |
| v. | : : | |
| MARY ANN ALBEE, SANDRA ALBEE KEELEY and P3n TECHNOLOGY, INC. | : : | |

**ORDER OF JUDGMENT**

AND NOW, this 14th day of February, 2024, for the reasons set forth in the accompanying Memorandum, Judgment in this matter is hereby entered as follows:

1. In favor of Plaintiff, Paul Albee, individually and derivatively on behalf of Aromatic Fusion, Inc. and against Eric Albee, in his individual capacity and White Bear Trading Co., jointly and severally on Counts II - V of the Plaintiff's Complaint, in the amount of $292,700. As outlined at pages 29-31 of the Memorandum, a constructive trust is hereby imposed in this amount on the profits which were reaped by Eric Albee and/or White Bear Trading Company from the HomeWorx project and sales of fragrance reeds to Air Essentials.

2. In favor of Plaintiff Paul Albee individually and against Eric Albee on Count I of the Complaint. Pursuant to N.J.S.A. 14A:12-7(1)(c), (4) and (8), the Court directs the appointment of a custodian over Aromatic Fusion, Inc. to exercise all powers of the board and officers to the extent necessary to manage the affairs of the corporation in the best interests of its shareholders

and creditors unless a motion is made within thirty (30) days of the entry date of this Judgment seeking the sale of all shares in the corporation to either the corporation itself or to Paul or Eric Albee.

3. In favor of Paul Albee, Mary Ann Albee, Sandra Albee Keeley and P3N Technology, Inc. and against Eric Albee, Individually and on behalf of Aromatic Fusion, Inc. on Counts I-V set forth in the Second Amended Counterclaim and Third Party Complaint in no amount. Count VI of the Second Amended Counterclaim is DISMISSED for the reasons outlined at page 37 of the Memorandum.

IT IS FURTHER ORDERED that, in the event a motion for sale of all shares of Aromatic Fusion, Inc. is not filed within the time provided, the parties are DIRECTED to submit to this Court a list of individuals who they believe to be qualified for appointment to the role of custodian.

IT IS STILL FURTHER ORDERED that the shareholders, directors, and/or officers of Aromatic Fusion, Inc., including but not limited to the parties to this litigation, are DIRECTED to take only such actions as are necessary to preserve the status quo and are PROHIBITED from taking any actions materially adverse to the interests of Aromatic Fusion, Inc., one another, or any Aromatic Fusion, Inc. employee or creditor, including but not limited to, the dissipation, conversion, or fraudulent conveyance of any funds or other assets belonging to, or in which Aromatic Fusion, Inc. has a legal or equitable interest, pending further Order of this Court.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,      C.J.